# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JAMES ERIC MOORE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. 19-CV-48-LRR
No. 04-CR-114-LRR

**ORDER**

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   RELEVANT PROCEDURAL AND FACTUAL HISTORY . . . . . . . . . . . . . 2

III.  LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    A.    Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255 . . . . . . 8
    B.    Standards Applicable to Sixth Amendment . . . . . . . . . . . . . . . . . . . . 10

IV.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.   OTHER MOTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.  CERTIFICATE OF APPEALABILITY . . . . . . . . . . . . . . . . . . . . . . . . 13

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

The matters before the court are Petitioner James Eric Moore's ("the movant") pro se "Motion to Vacate or Set Aside Revocation Sentence pursuant to 28 U.S.C. [§] 2255"[1]

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or

(continued...)

("Motion") (docket no. 1), pro se Motion for Expedited Hearing (docket no. 3), pro se "Motion to Amend 28 U.S.C. [§] 2255 Petition" ("Motion to Amend") (docket no. 4) and pro se Motion to Stay Supervised Release ("Motion to Stay") (docket no. 7).

## II. RELEVANT PROCEDURAL AND FACTUAL HISTORY

On December 17, 2004, the grand jury returned a single-count Indictment (criminal docket no. 1) against the movant, charging him with possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851 (Count I). On February 28, 2005, a jury returned a verdict of guilty on Count I of the Indictment. *See* February 28, 2005 Jury Verdict (docket no. 24). On November 17, 2005, the court held a sentencing hearing and sentenced the movant to 188 months imprisonment and 6 years supervised release.[2] *See* November 17, 2005 Minute Entry (criminal docket no. 43), Judgment (criminal docket no. 44).

On November 23, 2005, the movant timely filed a notice of appeal. *See* Notice of Appeal (criminal docket no. 45). On December 13, 2006, the Eighth Circuit Court of Appeals filed an opinion affirming the Judgment entered in the instant case and the Revocation Judgment entered in case no. 99-CR-28-LRR. *See* December 13, 2006 Opinion (criminal docket no. 60). On January 7, 2008, the United States Supreme Court

---

(...continued)
laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] The movant's term of imprisonment was ordered to run consecutively to the 24-month term of imprisonment imposed in case no. 99-CR-28-LRR, revoking the movant's supervised release in that case. *See* November 17, 2015 Minute Entry (docket no. 93 in criminal case 99-CR-28-LRR); Revocation Judgment (docket no. 94 in criminal case 99-CR-28-LRR).

issued a Writ of Certiorari vacating the judgments and remanding to the Eighth Circuit for further consideration. *See* Writ of Certiorari (criminal docket no. 69).

On March 6, 2008, on remand from the Supreme Court, the Eighth Circuit filed an opinion affirming the Judgment entered in the instant case and the Revocation Judgment entered in case no. 99-CR-28-LRR. *See* March 6, 2008 Opinion (criminal docket no. 73). On October 14, 2008, the Supreme Court issued a Writ of Certiorari reversing the Eighth Circuit's March 6, 2008 opinion and remanding for further proceedings. *See* criminal docket no. 78-3. On November 24, 2008, the Eighth Circuit entered a Judgment (criminal docket no. 79) reversing the Judgment in the instant case and remanding for resentencing, and affirming the Revocation Judgment entered in case no. 99-CR-28-LRR. *See* Eighth Circuit Judgment (criminal docket no. 79).

On September 22, 2009, the court held a resentencing hearing and sentenced the movant to 130 months' imprisonment, to run consecutively to the 24-month term of imprisonment in case no. 99-CR-28-LRR.[3] *See* September 22, 2009 Minute Entry (criminal docket no. 108); Amended Judgment (criminal docket no. 109). The court also imposed a 6-year term of supervised release. *See id*. On October 1, 2009, the movant timely filed a notice of appeal. *See* Notice of Appeal (criminal docket no. 111). On November 1, 2010, the Eighth Circuit filed an opinion affirming the Amended Judgment in the instant case. *See* November 1, 2010 Eighth Circuit Opinion (criminal docket no. 121). On January 24, 2011, the Supreme Court denied the movant's petition for a writ of certiorari. *See* criminal docket no. 128.

On March 7, 2011, the movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1 in case no. 11-CV-26-LRR). On November 7, 2013, the court entered an order denying the movant's § 2255 motion. *See*

---

[3] The resentencing hearing was initially held on May 12, 2009 and continued to September 22, 2009. *See* May 12, 2009 Minute Entry (criminal docket no. 103).

November 7, 2013 Order (docket no. 18 in case no. 11-CV-26-LRR). On June 11, 2014, the Eighth Circuit denied the movant's application for a certificate of appealability and dismissed the movant's appeal. *See* Eighth Circuit Judgment (docket no. 30 in case no. 11-CV-26-LRR). On October 6, 2014, the Supreme Court denied the movant's petition for a writ of certiorari. *See* docket no. 33 in case no. 11-CV-26-LRR.

On November 21, 2014, the movant filed a pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (criminal docket no. 132). On December 9, 2014, the court entered an order granting a reduction of sentence. *See* December 9, 2014 Order (criminal docket no. 133). The movant's new sentence of 110 months' imprisonment applied to Count I of the Indictment. *See id*. at 4. Except for the sentence reduction on Count I, all of the provisions of the September 22, 2009 Amended Judgment remained in effect. *See id*.

On September 2, 2016, a Petition to Revoke Supervision and Order for Summons (criminal docket no. 136) was filed against the movant. On October 4, 2016, the court held a revocation hearing, revoked the movant's supervised release and sentenced the movant to 7 months' imprisonment and a 4-year term of supervised release. *See* October 4, 2016 Minute Entry (criminal docket no. 152); Revocation Judgment (criminal docket no. 153). The movant did not appeal the revocation judgment.

On October 2, 2017, the court modified the conditions of the movant's supervised release, requiring him to serve two consecutive weekends in a designated facility. *See* Request and Order Modifying the Conditions of Supervision (criminal docket no. 157) at 2-3. On October 18, 2018, a Petition to Revoke Supervision and Order for Summons ("Petition to Revoke") (criminal docket no. 160) was filed against the movant. On November 6, 2018, the court held a revocation hearing. *See* November 6, 2018 Minute Entry (criminal docket no. 168).

At the revocation hearing, the movant admitted failing to participate in substance abuse testing on seven different occasions (violations 1, 4(a)-(f)), associating with a person engaged in criminal activity (violation 2) and use of a controlled substance (violation 3). *See* Petition to Revoke at 2-4; Revocation Hearing Transcript ("Transcript") (criminal docket no. 179) at 4-8. The movant denied the second use of a controlled substance (violation 5). *See* Petition to Revoke at 4. Specifically, the movant claimed that the sweat patch that he wore, which tested positive for cocaine, was faulty. *See* Transcript at 9. The movant testified at the hearing, where he claimed that the sweat patch returned a positive reading due to a potential diagnosis of diabetes, being sick and taking medication, placement of the patch and issues associated with dental work. *See id*. at 36-46. After hearing testimony from the government's witnesses and testimony from the movant, the court found, "by a preponderance of the evidence that [the movant] had a positive sweat patch test for the patch worn September 25th through October 2nd of 2018 because he used street cocaine, and that's demonstrated by the testimony of the witnesses for the government, as well as not refuted by [the movant's] Exhibit A, which is the study that he is relying on." *Id*. at 53-54. After hearing argument from counsel and allocution from the movant, the court revoked the movant's supervised release and sentenced him to 11 months' imprisonment and a 1-year term of supervised release. *See id*. at 60; November 6, 2018 Revocation Judgment (criminal docket no. 170). The court explained the disposition as follows:

> [The movant] has done everything here to grasp at straws rather than to admit that he used cocaine. He obviously does not understand the scientific difference between UA testing and the results that are considered positive, as opposed to sweat patch testing and the cutoffs that apply there and the chemistry and the safeguards.
>
> Any difference between what he wanted [his attorney] to present and what [his attorney] presented would make no

difference whatsoever in the results or disposition of this particular case. As I mentioned, he's been grasping at straws trying to explain away all of his behaviors. His self-diagnosis of diabetes is ridiculous. He has been on notice of these violations since prior to October 18th of 2018, and we're now at November 6th. I can assure you, if he had diabetes or thought he did, he'd be at a medical facility finding that out way before now. . . .

[The movant] has a very concerning criminal history and very concerning history on supervised release. In this instant case, which was he went to trial in . . . 2004, he took the stand testified falsely about his offense. The jury found him guilty. This that would have been his second conviction for distribution of cocaine. And, in fact, he committed this offense while he was on supervised release in the first case[.] . . .

He is a confirmed user of drugs and alcohol[.] . . . His drug of choice, marijuana, cocaine, and alcohol. In the prior problems this term of supervised release, he was using cocaine. And in his first term of supervised release in this particular case, he tried to deceive Probation and this [c]ourt by using the Whizzinator. So when anybody undertakes those measures to try to deceive Probation and the [c]ourt, he doesn't have much credibility to start with, it didn't improve in this case where I find he absolutely falsely testified to this [c]ourt when he took elected to testify under oath.

So the [c]ourt is ready to impose the sentence after a careful consideration of the 3553(a) factors of Title 18 that apply in a revocation. The [c]ourt revokes supervised release of [the movant], and I hereby commit him to the custody of the Bureau of Prisons to serve 11 months. Upon release from imprisonment, supervised release is reimposed for a period of 1 year. This is an appropriate disposition for all the reasons that I spoke of, not mention the fact that he received a substantial sentence reduction prior to his terms of supervised release on two occasions[.] . . .

Transcript at 60-62.

On November 14, 2018, the movant timely filed a notice of appeal. *See* Notice of Appeal (criminal docket no. 171). On March 6, 2019, the Eighth Circuit filed an opinion affirming the November 6, 2018 Revocation Judgment. *See* March 6, 2019 Eighth Circuit Opinion (criminal docket no. 186). In the opinion, the Eighth Circuit concluded that "none of the district court's findings are clearly erroneous." *Id*. at 2.

On April 22, 2019, the movant filed the instant Motion, seeking to vacate, set aside or correct his revocation sentence. In the Motion under 28 U.S.C. § 2255, the movant contends that counsel provided ineffective assistance when he: (1) "failed to conduct an adequate investigation into his claim of diabetes"; (2) failed to call a chemist as a witness at the revocation hearing; and (3) filed an inadequate *Anders* brief on appeal. *See* Motion at 1-9. The movant also contends that the Eighth Circuit failed to follow the procedures and requirements associated with an *Anders* brief. *See id*. at 9-10. On June 25, 2019, the movant filed the Motion to Amend. In the Motion to Amend, the movant asserts that counsel provided ineffective assistance by failing to contest the positive drug patch test result. *See* Motion to Amend at 1. The movant has completed his revocation sentence and is now currently serving his 1-year term of supervised release. Therefore, the movant's Motion and Motion to Amend under 28 U.S.C. § 2255 are moot. Nevertheless, the court shall address the claims raised by the movant.[4]

---

[4] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id*.; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements

(continued...)

## III. LEGAL STANDARDS

### A. *Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255*

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for

---

(...continued)
of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

---

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

## B. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*,

466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

## IV. ANALYSIS

With respect to the movant's claims that his counsel provided ineffective assistance by failing to adequately investigate whether the movant had diabetes and by failing to contest the positive drug patch test result, the movant has neither overcome the strong presumption that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, nor shown that any deficiencies in counsel's

11

performance prejudiced his defense, *id*. at 692-94. Indeed, the movant's counsel called the movant as a witness at the revocation hearing and examined the movant on his possible diabetes and the drug patch test result. *See* Transcript at 36-46. At the hearing, the movant's counsel also offered exhibits that were received by the court, which concerned, among other things, drug patch testing. *See* Movant's Exhibits A and B (criminal docket no. 166) at 1-9. Significantly, at the hearing, in making its final determination, the court stated that "[a]ny difference between what [the movant] wanted [his attorney] to present and what [his attorney] presented would make no difference whatsoever in the results or disposition of this particular case." Transcript at 60. The court also found, "by a preponderance of the evidence that [the movant] had a positive sweat patch test for the patch worn September 25th through October 2nd of 2018 because he used street cocaine, and that's demonstrated by the testimony of the witnesses for the government, as well as not refuted by [the movant's] Exhibit A, which is the study that he is relying on." *Id*. at 53-54. Thus, the court does not find that the movant is entitled to relief based on *Strickland*. Stated differently, the court concludes that counsel's failure to raise futile arguments does not constitute ineffective assistance.

Regarding the claim that counsel provided ineffective assistance because he did not call a witness, the court revoked the movant's sentence because he violated conditions of his supervised release, that is, failed to participate in substance abuse testing on seven different occasions, associated with an individual engaged in criminal activity, and used a controlled substance on two separate occasions. Even if the court assumed that counsel should have called a chemist as a witness, it is clear from the record that the result of the proceeding would not have been different, that is, the movant suffered no prejudice.

As for the movant's claims that appellate counsel was ineffective because he filed an inadequate *Anders* brief and the Eighth Circuit failed to follow the proper procedures and requirements associated with *Anders* briefing, the court finds these claims to be

frivolous and without merit. Indeed, in the Eighth Circuit's opinion, the circuit court stated that "[the movant's] counsel has filed a brief contesting several of the [district] court's findings. [The movant's] pro se brief echoes those points," along with additional claims. *See* March 6, 2019 Eight Circuit Opinion at 1.

Because the movant's claims are without merit, the Motion and Motion to Amend, both filed pursuant to 28 U.S.C. § 2255 shall be denied.

## V. OTHER MOTIONS

The Motion for Expedited Hearing is denied as moot. Further, the Motion to Stay, which relies on *United States v. Haymond*, 139 S. Ct. 2369 (2019), is also denied as moot. *See* November 8, 2019 Order (criminal docket no. 194) at 1-2.

## VI. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger*

*v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VII. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Motion pursuant to 28 U.S.C. § 2255 (docket no. 1) is **DENIED**;

(2) The Amended Motion pursuant to 28 U.S.C. § 2255 (docket no. 4) is **DENIED**;

(3) A certificate of appealability is **DENIED**;

14

(4) The Motion for Expedited Hearing (docket no. 3) is **DENIED** as moot; and

(5) The Motion to Stay Supervised Release (docket no. 7) is **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED** this 8th day of November, 2019.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA